IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01067-WJM-MJW

CLAUDE DEREK FOSTER,

Plaintiff,

v.

BONNIE GADBERRY, Former Correctional Officer at FCF, is sued in her individual and official capacties [sic], and
JOHN DOE, is sued in his/her individual and official capacties [sic],

Defendants.

**ORDER TO SHOW CAUSE
AND
ORDER SETTING RULE 16 SCHEDULING CONFERENCE**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by District Judge Philip A. Brimmer on July 12, 2010. (Docket No. 13). The case was recently reassigned to District Judge William J. Martinez (Docket No. 50).

This action was commenced in May 2010. (Docket Nos. 2 and 3). Nevertheless, the only named defendant, Bonnie Gadberry, has not yet been served. On July 8, 2010, Judge Brimmer issued an Order Granting Service by United States Marshal. (Docket No. 10). One week later, the Waiver of Service of Summons was returned to the court unexecuted by the Colorado Department of Corrections ("CDOC") Office of Legal Services with the notation that the defendant has not worked for the CDOC since November 2005. (Docket No. 15). Defendant's last known address was given as 1420

Copper Canyon, Canon City, CO 81212.  (Docket No. 15).  The U.S. Marshals Service attempted personal service upon the defendant at that address, but the Process Receipt and Return indicates the attempt at personal service there, at a cost of $157.47, was unsuccessful.  (Docket No. 32).  The explanation provided was, "wrong address." (Docket No. 32).  Subsequent mailings by the court to the defendant at that same address were returned by the U.S. Postal Service as undeliverable as addressed.  (Docket No. 41 and 51).  Plaintiff does not have another address for the defendant but nevertheless orally moved to have service again attempted at that address.  The court will direct the U.S. Marshal to re-attempt service in a separate order.

> Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:
>
> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).  In addition, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . .(C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;

3

(v) **dismissing the action or proceeding in whole or in part**;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

Based upon the foregoing, it is hereby

**ORDERED** that on **May 6, 2011, at 8:30 a.m. in** Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, a Show Cause Hearing will be held at which the plaintiff shall show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) and/or 16(f) based upon the failure to serve defendant Gadberry.  It is further

**ORDERED** that the plaintiff shall forthwith advise the court if he obtains another address for the defendant.  It is further

**ORDERED** that the Rule 16 Planning/Scheduling Conference is also set on **May 6, 2011, at 8:30 a.m.** in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado.  The proposed scheduling order shall be submitted by the parties on or before May 2, 2011.  Absent exceptional circumstances, no request for rescheduling any appearance in this court will be entertained unless a written request is made FIVE (5) business days in advance of the date of appearance.

Dated:     March 2, 2011           s/ Michael J. Watanabe
           Denver, Colorado         Michael J. Watanabe
                                    United States Magistrate Judge