IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01067-WJM-MJW

CLAUDE DEREK FOSTER,

Plaintiff,

v.

BONNIE GADBERRY, Former Correctional Officer at FCF, is sued in her individual and
official capacties [sic], and
JOHN DOE, is sued in his/her individual and official capacties [sic],

Defendants.

---

**ORDER TO SHOW CAUSE**
**AND**
**ORDER RESETTING RULE 16 SCHEDULING CONFERENCE**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States

Magistrate Judge issued by District Judge Philip A. Brimmer on July 12, 2010.  (Docket

No. 13).  The case was reassigned to District Judge William J. Martinez (Docket No.

50).

This action was commenced in May 2010.  (Docket Nos. 2 and 3).  Nevertheless,

defendant Bonnie Gadberry and the John Doe defendant have not yet been served.[1]

On July 8, 2010, Judge Brimmer issued an Order Granting Service by United States

Marshal.  (Docket No. 10).  One week later, the Waiver of Service of Summons was

---

[1]At today's hearing, plaintiff identified the John Doe defendant as the former
warden, Gary Watkins, but plaintiff did not have a current address for Watkins.

returned to the court unexecuted by the Colorado Department of Corrections ("CDOC")

Office of Legal Services with the notation that defendant Gadberry has not worked for

the CDOC since November 2005.  (Docket No. 15).  Defendant Gadberry's last known

address was given as 1420 Copper Canyon, Canon City, CO 81212.  (Docket No. 15).

The U.S. Marshals Service attempted personal service upon defendant Gadberry at that

address, but the Process Receipt and Return indicates the attempt at personal service

there, at a cost of $157.47, was unsuccessful.  (Docket No. 32).  The explanation

provided was, "wrong address." (Docket No. 32).  Subsequent mailings by the court to

the defendant at that same address were returned by the U.S. Postal Service as

undeliverable as addressed.  (Docket No. 41 and 51).  Today the plaintiff provided the

court with the same address for the defendant.  By separate Order, the court will direct

the U.S. Marshal to attempt service again at that address.

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).  In addition, Rule 16(f) provides in pertinent part that "[o]n motion

or on its own, the court may issue any just orders, including those authorized by Rule

37(b)(2)(A)(ii)-(vii), if a party . . .(C) fails to obey a scheduling or other pretrial order."

Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits

the following sanctions:

(ii) prohibiting the disobedient party from supporting or opposing

3

designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) **dismissing the action or proceeding in whole or in part**;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

In addition, D.C.COLO.LCivR 41.1 provides:

A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedures, or any court order.  If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**ORDERED** that on **June 10, 2011, at 10:00 a.m. in** Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, a Show Cause Hearing will be held at which the plaintiff shall show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 4(m), 16(f), and/or D.C.COLO.LCivR 41.1 based upon his failure to prosecute and his failure to serve defendant Gadberry and the John Doe defendant.  Plaintiff may participate by telephone by calling (303) 844-2403.  It is further

**ORDERED** that the Rule 16 Planning/Scheduling Conference is also set on

4

**June 10, 2011, at 10:00 a.m.** in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S.

Courthouse, 901 19th Street, Denver, Colorado.  Plaintiff may participate by telephone

by calling (303) 844-2403.  The proposed scheduling order shall be submitted by the

parties on or before June 1, 2011.  Absent exceptional circumstances, no request for

rescheduling any appearance in this court will be entertained unless a written request is

made FIVE (5) business days in advance of the date of appearance.


Dated:          May 6, 2011                    s/ Michael J. Watanabe
                Denver, Colorado               Michael J. Watanabe
                                               United States Magistrate Judge