IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01067-WJM-MJW

CLAUDE DEREK FOSTER,

Plaintiff,

v.

BONNIE GADBERRY, former corrections officer at FCF,
GARY WATKINS, former warden of FCF,
TONY CORODIN, director of prisons for CDOC,
SUSAN JONES, Associate warden of FCF,
JAMES HAYATT, captian [sic] at FCF,
DAN REESE, LT at FCF,
ANTHONY A. DECESARO, greviance [sic] officer for CDOC, and
BRYAN HUNT, Deputy DA for Fremont County,
WILLIAM CLASPELL, and
ALEX WORLD,

Defendants.

---

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that the plaintiff's Motion to Strike the Use of Information from the Original Complaint by the Defendants, Pursuant to Fed. R. Civ. P 12 (f) (Docket No. 125) is **denied**. See Raulie v. United States, 400 F.2d 487, (10th Cir. 1968) ("When a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once seriously made by an authorized agent, and as such is competent evidence of the facts stated, though controvertible, like any other extrajudicial admission made by a party or his agent.") (quotations omitted); Echostar Satellite, L.L.C. v. Splash Media Partners, L.P., 2010 WL 3873282, at *13 (D. Colo. Sept. 29, 2010) ("[A]s a general matter, a party is able to refer to its opponents' contradictory pleadings as evidence that the original factual recitation was correct."); West v. Ortiz, 2008 WL 544735, at *8 n.2 ("[S]ince the Amended Complaint has been superceded by subsequent amended pleadings, plaintiff's statement in the Amended Complaint may very well not be treated as a binding judicial admission, but could be treated as ordinary evidentiary admissions.").

Date: January 18, 2012