IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01067-WJM-MJW

CLAUDE DEREK FOSTER,

Plaintiff,

v.

BONNIE GADBERRY, former corrections officer at FCF,
GARY WATKINS, former warden of FCF,
TONY CORODIN, director of prisons for CDOC,
SUSAN JONES, Associate warden of FCF,
JAMES HAYATT, captian [sic] at FCF,
DAN REESE, LT at FCF,
ANTHONY A.  DECESARO, greviance [sic] officer for CDOC, and
BRYAN HUNT, Deputy DA for Fremont County,
WILLIAM CLASPELL, and
ALEX WORLD,

Defendants.

---

## RECOMMENDATION ON
## MOTION TO DISMISS PURSUANT TO FED.R. CIV.P. 12(B)(5) [sic] (Docket No. 99)
### and
## MOTION FOR LEAVE TO AMEND COMPLAINT (Docket No. 108)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States

Magistrate Judge issued by Judge Philip A. Brimmer on July 12, 2010 (Docket No. 13).

On February 9, 2011, the case was reassigned to Judge William J. Martinez upon his

appointment to the court.  (Docket No. 50).

The original Complaint was filed on May 7, 2010.  (Docket No. 3).  In that

pleading, the pro se incarcerated plaintiff, Claude Derek Foster, named as defendants

2

Bonnie Gadberry, a former correctional officer at Fremont Correctional Facility ("FCF"), and John Doe (Docket No. 3 at 1, 2) and alleged the following.  In early and late 2005, plaintiff was the victim of sexual assault, sexual misconduct, and sexual harassment by defendant Gadberry, who also made threats if plaintiff reported her conduct.  She left notes in the plaintiff's cell harassing the plaintiff and demanding sex.

In late 2005, the Inspector General ("IG") conducted an investigation about more than one allegation of sexual misconduct by Gadberry.  In fear of retaliation, in 2005 plaintiff did not disclose the details to the IG when questioned.  Plaintiff did not have an attorney present during questioning.  The investigator stated that there was enough evidence to make Gadberry register as a Sex Offender.  Some of the notes Gadberry left in plaintiff's cell were recovered by the IG.  Based upon information obtained through the course of the IG's investigation, Gadberry was terminated from her position.

Plaintiff eventually reported Gadberry using the grievance process but was unable to resolve the issue and was informed at Step 3 of the procedure on May 8, 2008, that the issues would not be investigated or responded to.  Plaintiff sent an Affidavit stating that he was a victim of sexual assault to the Freemont County District Attorney.  At the request of CCCF administrative staff, plaintiff was referred to mental health because of the allegations of sexual assault.  On April 17, 2009, plaintiff was informed in a letter by his doctor, a staff psychiatrist at CCCF, that plaintiff had been diagnosed with Anxiety Disorder.  Plaintiff thus knew on that date that he was injured by Gadberry.  In response to plaintiff's Step 1 and 2 grievances, the Director of Prisons encouraged plaintiff to continue meeting with Mental Health.  Plaintiff alleges violations of the Eighth and Fourteenth Amendments.

3

On June 4, 2010, plaintiff filed an Amended Complaint (Docket No. 4) which apparently is identical to the original except for the addition of information concerning the defendants' addresses.

With leave of court (Docket No. 83), plaintiff filed a Second Amended Complaint on May 19, 2011.  (Docket No. 84).  In that pleading, in addition to Bonnie Gadberry, plaintiff named the following defendants: Gary Watkins, former FCF Warden; Tony Corodin, Director of Prisons for the Colorado Department of Corrections; Susan Jones, Associate FCF Warden; James Hayatt, Captain at FCF; Dan Reese, Lieutenant at FCF; Anthony A. DeCeSaro, Grievance Officer for the Colorado Department of Corrections; Bryan Hunt, Deputy District Attorney for Fremont County; and William Claspell and Alex World, Investigators for the IG Office in Canon City.

Plaintiff alleged the following in his Second Amended Complaint.  "[D]efendants have denied the plaintiff equal protection of the laws and treated him cruel and unusual by their failure to act when they are awareofa [sic] constitutional violation.  The defendants are bound by there [sic] policy and state and federal law to Investigate and prosecute those who committ [sic] sexual assault. . . .  The defendants through there [sic] own omission [sic] have fired the defendant bonnie gadberry for violations of the plaintiffs constitutional rights."  (Docket No. 84 at 5).  In fear of retaliation, plaintiff did not come forth when questioned by the IG, but in 2009 plaintiff came forward by providing the defendants with an affidavit describing the events which caused his injuries, along with a letter from his doctor as proof of his claims, but the defendants have failed to take any action to investigate or prosecute Gadberry for sexual assault as required by law and their own policy.  Defendants have thus violated his rights under the

4

Eighth and Fourteenth Amendments and have denied him equal protection of the laws,

causing him mental and emotional pain and suffering.  Plaintiff seeks monetary

damages.

Now before the court for a report and recommendation is a Motion to Dismiss

Pursuant to Fed.R.Civ.P. 12(B)(5)[1] filed by defendants Watkins, Carochi (identified on

the plaintiff's pleading as Tony "Corodin"), DeCesaro, Wold, Jones, Claspell, and Reese

(Docket No. 99).[2]  Defendant Hyatt was served shortly before the motion to dismiss was

---

[1]A review of defendants' motion suggests that defendants intended to cite Fed. R. Civ. P. 12(b)(6) rather than 12(b)(5) in the caption.

[2]Two of the named defendants, Gadberry and Hunt, have not been served.

The Process Receipt and Return form regarding Bryan Hunt was filed by the U.S. Marshal Service indicating that they were unable to locate Hunt, noting, "No longer employed at Fremont Co. DA's office.  Unable to locate.  -06-02-11 . . . ." (Docket No. 96).  Plaintiff has not provided the court with any other address for Hunt, who thus remains unserved.

The Waiver of Service of Summons for Gadberry was returned unexecuted by the Colorado Department of Corrections Office of Legal Services on July 12, 2010, with a notation that Gadberry has not worked for the CDOC since November 2005.  (Docket No. 15).  An address for Gadberry was provided on that form by the CDOC (1420 Copper Canyon, Canon City, CO 81212).  (Docket No. 15).  The Process Receipt and Return form for service upon Gadberry at that address, however, was returned unexecuted by the U.S. Marshals Service with the notation "wrong address."  (Docket No. 32).  The copies of the Clerk's Notes Regarding Default (Docket Nos. 38 and 49) that were mailed to Gadberry at that address were returned to the court by the U.S. Postal Service as undeliverable and unable to forward.  (Docket Nos. 41 and 51).   On March 2, 2011, this court issued an Order to Show Cause directing the plaintiff to show cause on May 6, 2011, why the case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) and/or 16(f) based upon the failure to serve Gadberry.  (Docket No. 57).  This court subsequently granted plaintiff's request for an extension of time to provide the court with Gadberry's current address to the extent that the plaintiff was directed to submit that address to the court on or before April 29, 2011, or show cause in writing why this case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) and/or 16(f) for failure to serve and failure to prosecute.  (Docket No. 71).  During the May 6, 2011, Show Cause Hearing, this court directed the U.S. Marshal to serve Gadberry at the

filed (see Docket No. 107) and subsequently through the same defense counsel joined in the motion to dismiss (see Docket No. 116).

Plaintiff filed a Motion in Opposition of Defendants Motions to Dismiss the Plaintiffs Complaint Pursuant to Fed. R.Civ.P.12 (B)(5) (Docket No. 110), which this court has construed as the plaintiff's Response.  The moving defendants then filed a Reply (Docket No. 119).

In addition, plaintiff filed a Motion for Leave to Amend Complaint (Docket No. 108) and tendered another amended pleading which he claims cures the deficiencies alleged by the defendants in their motion to dismiss.   Plaintiff's motion is also now before the court for a report and recommendation.  The moving defendants filed a Response (Docket No. 120).

The court has considered all of the motions papers as well as the court's file and applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings, conclusions of law, and recommendation.

The moving defendants seek dismissal of the Complaint on the following grounds: (1) to the extent plaintiff seeks monetary damages from defendants in their official capacities, his claims are barred; (2) plaintiff's Eighth Amendment claims should be dismissed for failure to state a claim upon which relief can be granted; (3) plaintiff fails to state a Fourteenth Amendment claim upon which relief can be granted; (4)

---

same address stated on the record (Docket Nos. 75 and 76), and a separate Order Directing Re-Service by U.S. Marshal followed (Docket No. 77).  The Process receipt and Return form filed by the U.S. Marshals Service on June 9, 2011, however, indicates that service was attempted again on Gadberry, but she is "[n]o longer living at this address.  Location unknown 06-02-11."  (Docket No. 95).  Plaintiff has not provided the court with any other address for Gadberry, who thus remains unserved.

plaintiff's claims fail due to lack of personal participation; (5) plaintiff fails to state a claim for the violation of his equal protection rights; and (6) in the alternative, defendants are entitled to qualified immunity.

In his Response (Docket No. 110), plaintiff clarifies that he seeks damages from each named defendant in his or her individual capacities, not their official capacities. Therefore, the court need not address defendants' first argument for dismissal.  In his tendered amended pleading (Docket No. 108-1), plaintiff specifies his claims of involvement by each defendant.  Therefore, this court need not address defendants' fourth argument for dismissal.  Defendants, however, assert in their Response to plaintiff's Motion for Leave to Amend that plaintiff's proposed Third Amended Complaint is futile because the proposed amendments do not cure the defects to his Eighth and Fourteenth Amendment and equal protection claims identified in the motion to dismiss. In the alternative, defendants assert they are entitled to qualified immunity.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor.  Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'"  Cutter v. RailAmerica, Inc., 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp., 550 U.S. at 555 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)).  A motion to amend a complaint is futile if, notwithstanding the amendment, the complaint "would be subject to dismissal." Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999).

Since the plaintiff is not an attorney, his pleadings and other papers have been construed liberally and held to a less stringent standard than formal

8

pleadings drafted by lawyers.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.

1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Therefore, "if the

court can reasonably read the pleadings to state a claim on which the plaintiff

could prevail, it should do so despite the plaintiff's failure to cite proper authority,

his confusion of various legal theories, his poor syntax and sentence construction,

or his unfamiliarity with pleading requirements. . . .  At the same time, . . . it is [not]

the proper function of the district court to assume the role of advocate for the pro

se litigant."  Id.

Here, in the tendered Third Amended Complaint, while plaintiff has broken

out each defendant and makes specific claims against each rather than referring to

all defendants collectively like he did in his prior pleadings, his factual claims

essentially remains the same.  He complains of sexual misconduct by unserved

defendant Gadberry and the other defendants' failure to investigate and prosecute

plaintiff's claims regarding Gadberry's actions against him.  Plaintiff's claims

against the defendants other than Gadberry, in both his tendered Third Amended

Complaint and his prior pleadings, however, quite simply do not rise to the level of

a constitutional violation.  See Jennings v. City of Stillwater, 383 F.3d 1199 (10th

Cir. 2004) (United States Constitution does not provide a cause of action for

victims of crime when state or local law enforcement officials fail to perform a

proper investigation.  "In general, federal courts are not entrusted with the

responsibility of ensuring the effective enforcement of state criminal laws; that role

falls to state and local law enforcement officials–not the courts to take care that the

criminal laws are faithfully executed."); Jones v. Orth, 242 F.3d 389, 2000 WL

1854015, at *1 (10th Cir. Dec. 19, 2000) (unpublished) ("A private individual has no

federal right to the prosecution of another. . . . [I]t would be contrary to public policy

to allow every private citizen to force the prosecutor to proceed with a case in

pursuit of a private objective."") (internal quotations omitted); Berryman v. Coffman,

2009 WL 3241841, at *4 (N.D. Okl. Oct. 1, 2009) (Inmate failed to state a

constitutional claim against correctional facility's head who allegedly failed to

conduct a proper investigation or notify proper authorities about an assault.); Vigil

v. Mistrata, 2006 WL 3307140, at *8-9 (D. Colo. Sept. 18, 2006) (prisoner's

allegations of failure to investigate did not state a claim for a deprivation of a

constitutional right), accepted and adopted, 2006 WL 3307138 (D. Colo. Nov. 13,

2006).  Furthermore, as the moving defendants correctly assert in their motion to

dismiss, it appears that all of the plaintiff's alleged damages were caused by the alleged

assault itself, for which none of the defendants other than Gadberry were allegedly

responsible.  In addition, plaintiff indicates in his pleadings that he has been seen by

and has been encouraged to see medical professionals as a result of the alleged

assault.  Also, there is no allegation that the alleged failure to investigate or

prosecute put plaintiff at risk for future assault because he alleges that Gadberry

was terminated from her employment.

Based upon the above, it is recommended that the plaintiff's motion for leave

to amend be denied based upon futility, that the defendants' motion to dismiss be

granted, and that the claims against unserved defendant Hunt be dismissed with

prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that

"[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the

10

court shall dismiss the case at any time if the court determines that–(B) the action or appeal–. . . (ii) fails to state a claim on which relief may be granted . . . ."

Alternatively, the moving defendants would be entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808, 815 (2009).  It "balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Id.  "Qualified immunity shields an officer from suit when [he] makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances [he] confronted." Brosseau v. Haugen, 543 U.S. 194, 198 (2004).  "Because the focus is on whether the officer had fair notice that [his] conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct.  If the law at that time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation." Id.

When a defendant raises a qualified immunity defense, the plaintiff "bears the burden of showing that: (1) the defendants' actions violated a constitutional or statutory right; and (2) the right was clearly established and reasonable persons in the defendants' position would have known their conduct violated that right." Cruz v. City of Laramie, Wyo., 239 F.3d 1183, 1187 (10th Cir. 2001).  The Supreme

11

Court has held that the federal courts have discretion to determine "which of the

two prongs of the qualified immunity analysis should be addressed first in light of

the circumstances in the particular case at hand." <u>Pearson v. Callahan</u>, 129 S. Ct.

at 815-16.

      "Requiring the law to be clearly established provides defendants with 'fair

warning' that their conduct is unconstitutional." <u>Mimics, Inc. v. Village of Angel

Fire</u>, 394 F.3d 836, 841 (10th Cir. 2005). "The law is clearly established when a

Supreme Court or Tenth Circuit decision is on point, or if the clearly established

weight of authority from other courts shows that the right must be as plaintiff

maintains." <u>Id.</u> (quotations omitted). To be clearly established:

> [t]he contours of the right must be sufficiently clear that a reasonable
> official would understand that what he is doing violates that right. This
> is not to say that an official action is protected by qualified immunity
> unless the very action in question has previously been held unlawful,
> but it is to say that in the light of pre-existing law the unlawfulness
> must be apparent.

<u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987) (citation omitted). "Thus,

qualified immunity leaves ample room for mistaken judgments, . . . and protects all

but the plainly incompetent or those who knowingly violate the law." <u>Harman v.

Pollock</u>, 586 F.3d 1254, 1261 (10th Cir. 2009) (internal quotations omitted).

      Here, plaintiff has not shown that the moving defendants' actions violated a

constitutional or statutory right that at the time of the events, nor has plaintiff shown

that it was clearly established and reasonable persons in the defendants' position

would have known that plaintiff's constitutional rights would have been violated by

their not investigating or seeking prosecution of a correctional officer who no longer

posed a threat to the plaintiff.  In this case, that officer had already been terminated

years before based on conduct similar to that alleged by the plaintiff.

Regarding defendant Gadberry, "[s]exual abuse inflicted by state actors against

prison inmates has been found to be a violation of the Eighth Amendment."  Fleetwood

v. Werholtz, 2011 WL 1527261, at * 8 (D. Kan. Apr. 20, 2011) (and cases cited therein).

Nevertheless, defendant Gadberry has not yet been served despite attempts by the

U.S. Marshal Service at defendant's last known address provided by the Department of

Corrections.  Plaintiff has not provided the court with any other address at which service

could be attempted.  Plaintiff has been advised of the possibility that his claims against

defendant Gadberry could be dismissed pursuant of Fed. R. Civ. P. 4(m) and 16(f) and

D.C.COLO.LCivR 41.1 based upon his failure to serve her and his failure to prosecute

such claims. (See Docket No. 76).  It is recommended that plaintiff's claims against

Gadberry be dismissed without prejudice on those bases.

**WHEREFORE,** for the foregoing reasons it is hereby

**RECOMMENDED** that the plaintiff's Motion for Leave to Amend Complaint

(Docket No. 108) be denied as futile.  It is further

**RECOMMENDED** that the Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(B)(5)

[sic], which was filed by defendants Watkins, Carochi (Corodin), DeCesaro, Wold,

Jones, Claspell, and Reese (Docket No. 99), and which was joined by defendant Hyatt

(Docket No. 116), be granted, and that the claims against those defendants be

dismissed with prejudice.  It is further

**RECOMMENDED** that the claims against unserved defendant Hunt be dismissed

with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) or without prejudice pursuant to

Fed. R. Civ. P. 4(m).  It is further

     **RECOMMENDED** that the claims against unserved defendant Gadberry be

dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

     **NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

**the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District**

**Judge assigned to the case.  A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy.  The District Judge need**

**not consider frivolous, conclusive, or general objections.  A party's failure to file**

**and serve such written, specific objections waives *de novo* review of the**

**recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53**

**(1985), and also waives appellate review of both factual and legal questions.**

**<u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley</u>**

**<u>v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date: January 18, 2012             s/ Michael J. Watanabe
      Denver, Colorado           Michael J. Watanabe
                                 United States Magistrate Judge